Matthias, J.
The issue in this cause is whether a patrolman of a city is entitled to civil service status, where such patrolman was appointed by one who had been elected as mayor of a village and who pursuant to statute continued in office after such village had been declared to be a city by the Secretary of State.
Section 1, Article XVIII of the Ohio Constitution, provides:
“Municipal corporations are hereby classified into cities and villages. All such corporations having a population of five thousand or over shall be cities; all others shall be villages. The method of transition from one class to the other shall be regulated by law.”
Clearly this section is not self-executing and requires legislative action to provide the procedural steps which must be taken in the transition of a village to a city. The only provision actually relating to government during such transition is Section 703.07, Revised Code, which provides for continuity in office of village officials during the period of transition, in the following manner:
“Officers of a village advanced to a city, or of a city reduced to a village, shall continue in office until succeeded by the proper officers of the new municipal corporation at the regular municipal election, and the ordinances thereof not inconsistent with the laws relating to the new municipal corporation shall continue in force until changed or repealed. ’ ’
This court in construing Section 3499, General Code (now *101 Section 703.07, Revised Code), in the case of State, ex rel. Heffernan, v. Serp, 125 Ohio St., 87, held, in the third paragraph of the syllabus:
“It is the true intent and meaning of Section 3199, General Code, that village officers shall continue in office, with the powers and duties only of village officers until the first regular election after the proclamation of the Secretary of State has been filed with the mayor of the municipality as provided by Section 3198, General Code.”
In the course of the opinion, in discussing this matter, it is stated at pages 95 and 96:
“The Legislature clearly had the right to provide for the method of transition; that is to say, the code of procedure by which the village government should end and the city government begin. It could have expressly provided that, from the time of the filing of the proclamation of the Secretary of State in the office of the mayor, the village officers then in office might immediately begin to exercise powers of corresponding city officers. What the Legislature in fact did was to continue the village officers in office until succeeded by the proper officers of the new corporation at the next regular election. The village officers were elected because of their presumed qualifications to discharge the duties devolving upon those officers respectively. Applying the rule of strict construction, they should not be held to be empowered to discharge other duties essentially different, without specific legislative authority therefor, on the sole theory that such powers are implied because of the failure of the Legislature to make them express. The analysis of the implications made necessary by immediately regarding the city government to be in effect, with the village officers exercising undefined powers, could only be justified upon the maxim that ‘necessity knows no law.’ If, on the other hand, the mandate of the Legislature be followed only to the extent that the officers continue in office until the next regular election, without giving them any implied powers whatever, but limiting them strictly to those expressly conferred, the transition from one form of government to the other is made without difficulty and without inconvenience. It must therefore be presumed that such was the legislative intent.”
*102 Since a holdover mayor under Section 703.07, Revised Code, has only the powers of a village mayor, such mayor in appointing a patrolman creates no greater rights in such patrolman than could have been bestowed by a village mayor. In view of the fact that a patrolman appointed by a mayor of a village has no civil service status under state law, the necessary conclusion is that a patrolman of a city appointed by a holdover mayor under Section 703.07, Revised Code, also has no such status.
The judgment of the Court of Appeals is correct and, therefore, is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Radcliee, O’Neill and Griffith, JJ., concur.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.